FILED
2005 Mar-29  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DANIEL LAFITTE DUMONDE, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 04-KOB-RRA-0570-S |
| ] | |
| SHERIFF MIKE HALE, and SERGEANT ] | |
| W. TICE, ] | |
| ] | |
| Defendants. ] | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on February 15, 2005, recommending that the defendants' motion for summary judgment be granted and that this action be dismissed with prejudice. The plaintiff filed objections on March 2, 2005. The plaintiff argues that the magistrate judge failed to address his real complaint about the unlawful search of his home. The plaintiff complains that the date on the search warrant was altered, thereby invalidating it, and cites *United States v. Martin*, 600 F.2d 1175 (5th Cir. 1979). The court in *Martin* states that "statutes authorizing search warrants must be strictly construed. Both the issuance and the execution of warrants must strictly comply with the formalities prescribed by statute . . . ." *Id.* at 1179. Alabama Code § 15-5-1 defines a search warrant as follows:

> A "search warrant" is an order in writing in the name of the state signed by a judge, or by a magistrate authorized by law to issue search warrants, and directed to the sheriff or to any constable of the county, commanding him to search for personal property and bring it before the court issuing the warrant.

The statute is silent regarding dates on a search warrant.

It does not matter, however, whether property taken was outside the purview of the warrant or whether the warrant was legally proper in every respect, because the plaintiff's claim is a property claim. Dumonde contends that when the detectives executed the search warrant on his house, a number of items unrelated to the charges against him, were taken and never returned to him.[1] The plaintiff also repeats his claim that Sergeant Tice confiscated cash from his jail account and gave it to Buck's Jeweler's in Tennessee, without affording him due process.

In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court stated:

> We hold that an unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the due process requirements of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.

The plaintiff has not been deprived of property without due process of law because he has a legal means whereby he can be heard on this claim for compensation. The post-deprivation remedies available to the plaintiff under Alabama tort law are sufficient to satisfy due process under *Parratt* and *Hudson*. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981); *Hudson,* 468 U.S. at 534-35. Consequently, the plaintiff's claim that funds taken from his house were later confiscated from his jail account fails to state a claim of constitutional proportion, and is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In objecting to the report and recommendation, the plaintiff also restates his complaint that he has been denied medical care for an eye injury. However, in complaining about the lack of medical care, the plaintiff himself reports that immediately after he was struck in the eye by another inmate, he was taken to the emergency room for treatment, including stitches. (Doc.#1 p.6). The

---

[1] The plaintiff does not claim that these items were introduced in the criminal case filed against him or used to file new or additional charges against him. Instead, he claims that they were not returned to him.

plaintiff does not address his objections to the report of the magistrate judge or the law governing a prisoner's right to medical care. In *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986), the Eleventh Circuit Court of Appeals held that an inmate's dissatisfaction with the medical treatment provided by the prison did not constitute a violation of the Eighth Amendment as long as the treatment provided did not amount to deliberate indifference. The Eighth Amendment is implicated only when the prison doctors or guards intentionally and deliberately deny or delay access to medical attention to serious medical conditions. *Barfield v. Brierton,* 883 F.2d 923, 938 (11th Cir. 1989). Two components must be evaluated to determine whether the plaintiff has been subjected to cruel and unusual punishment. "First, [the court] must evaluate whether there was evidence of a serious medical need; if so, [it] must consider whether [the defendants'] response to that need amounted to deliberate indifference." *Mandel v. Doe,* 888 F.2d 783, 788 (11th Cir. 1989). Clearly, "not every injury or illness invokes the constitutional protection only those that are 'serious' have that effect." *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3rd Cir. 1976). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

For purposes of this review, the court will assume that the plaintiff's eye condition is serious. The remaining question is whether the defendants were deliberately indifferent to his medical needs. The plaintiff does not dispute that he received emergency treatment at the time of the injury. The plaintiff must allege sufficient <u>facts</u> from which the court can conclude that Sheriff Hale and Sergeant Tice knew that the plaintiff needed *additional* medical care. The plaintiff complains

generally that he repeatedly requested medical care, but he submitted a copy of only one sick call request form, filed two days after the injury on January 26, 2004. That request was reviewed by "[illegible]-Jones," who referred him to the clinic. The fact that the plaintiff submitted a sick call request form indicates that he knew the procedure for requesting medical treatment. In claiming that he repeatedly requested treatment, the only specific information the plaintiff provides is that, "[Sergeant Moore] was also made aware again in February that I had been injured by an inmate . . . and my request for medical care and transfer to medical floor had gone unheeded by deputies here." (Doc.#1 p.6). Sergeant Moore, however, is not a defendant in this case and cannot be held responsible for failing to provide medical care.

To prevail on a claim under 42 U.S.C. § 1983, the plaintiff must show that he held a constitutionally protected right; that he was deprived of that right in violation of the Constitution; that the defendant intentionally caused this deprivation; and that the defendant acted under color of law. Dismissal of a claim is proper against the plaintiff if he fails to establish the existence of an essential element of his case on which he will bear the burden of proof at trial. In the case before the court, the plaintiff was treated immediately after he was injured and does not claim that any follow-up care was ordered by the treating physician. To act intentionally, the named defendants must have known that the plaintiff needed additional medical treatment. Prison officials cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The plaintiff must submit facts, not vague allegations, that he told Sheriff Hale and/or Sergeant Tice specifically that he needed

additional medical treatment and provide the court with specific information about their responses. The plaintiff has failed to show that either Sheriff Hale or Sergeant Tice was deliberately indifferent to any need he had for additional medical treatment.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 29th day of March 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE